UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| DALE JACKSON | CIVIL ACTION NO. 08-1324 |
| LDOC #104694 | |
| VS. | SECTION P |
| | JUDGE JAMES |
| MOREHOUSE NURSING STAFF, | |
| ET AL. | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Dale Jackson, an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 4, 2008. Plaintiff is incarcerated at the Morehouse Parish Detention Center (MPDC), Collinston, Louisiana, and he complained that he received inadequate medical/dental care. He sued the Morehouse Parish Nursing Staff, Nurse Barnhill, Dr. S.W. Ogden, and Warden Robert Tappin, Sr.[1] He prayed for compensatory damages for mental anguish, pain and suffering and "malpractice on the Morehouse Nursing staff..." In his amended complaint, he also requested appointment of counsel. [rec. doc. 6]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[1] In his amended complaint filed on January 6, 2009 [rec. doc. 6], he dismissed all claims against Warden Tappin.

## Statement of the Case

Plaintiff is an LDOC inmate who is incarcerated at MPDC. On April 15, 2008, plaintiff submitted a "sick call" complaining of pain. According to plaintiff, for the two months preceding April 15 he was unable to chew properly on the left side of his mouth. On April 20, 2008, plaintiff was examined by Nurse Barnhill. Plaintiff made five other sick calls and was, on each occasion examined by Nurse Barnhill or one of her fellow nurses. Plaintiff was placed on a list of prisoners to be examined by a dentist. Plaintiff claimed that Barnhill did not provide any pain medication or do anything else to relieve his discomfort.

On either May 6 (as alleged in the original complaint, rec. doc. 1) or May 16, 2008 (as alleged in the amended complaint, rec. doc. 6) plaintiff was transported to Dr. S.W. Ogden, a dentist. Dr. Ogden examined plaintiff, took x-rays, and concluded that extraction of the tooth was appropriate. During the procedure, plaintiff complained that the pain medication was ineffective because he was still feeling pain. In his original complaint, plaintiff implied that Ogden ignored his complaint; however, in the amended complaint, plaintiff conceded that Ogden injected an additional dose of novocaine. According to plaintiff, "there was a lot of unnecessary yanking..." which caused "... a lot of bleeding." Further, in his amended complaint plaintiff alleged that Ogden "cut a large piece of gum from plaintiff's mouth and attempted to hide this from plaintiff."

During the trip back to MPDC, plaintiff advised the transport officer that he was bleeding and in a lot of pain. Upon his return to MPDC, plaintiff experienced headaches, continued bleeding, and pain resulting in restless sleep. Plaintiff claimed that he experienced numbness and weight loss and that he was "put on numerous medications." However, he also complained that

his requests for further medical attention were ignored by the nursing staff at MPDC.

Plaintiff claims that he has lost a lot of weight because he cannot chew food on the left side of his mouth. He also claims that he lost weight because of the medication he was given. Elsewhere plaintiff claimed that Nurse Barnhill refused to provide medication and refused to allow plaintiff a requested follow-up visit with the dentist. Plaintiff claimed that he has suffered mental anguish along with pain and suffering as a result of this "malpractice."

*Law and Analysis*

**1. *Appointment of Counsel***

In his amended complaint, plaintiff requested appointment of counsel. [rec. doc. 6] Plaintiff seeks appointment of counsel because he "is informed" that the MPDC law library is inadequate and because he is illiterate.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is

not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed, with the assistance of literate inmates, to file his original complaint and an amended complaint setting forth his cause of action against the named defendants. No special legal knowledge is required of plaintiff herein; he was earlier instructed on the applicable law and directed to provide the **FACTUAL** basis for his complaint. Indeed, plaintiff, and no one else, has first hand knowledge of the **FACTS** which form the basis of this action. The claim is not necessarily atypical of those often asserted in prisoner civil rights litigation and is not complex.

Further, as will be shown, dismissal of this matter on initial review is recommended, therefore, counsel would not assist in shortening the proceedings.

Finally, plaintiff has failed to demonstrate that he has attempted to procure counsel on his own behalf.

Accordingly, plaintiff's request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. Moreover, plaintiff's request should be denied because plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

## 2. Screening

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint, and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the

context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint and his amended complaint outline the broad contours of his claims for relief. He has pleaded his best case and need not be afforded further opportunities to amend. Accepting all of plaintiff's allegations as true, it is clear that plaintiff has failed to state a claim for which relief may be granted.

## 3. State Actor

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, the plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.

The complaint is devoid of any allegation which indicates that Dr. Ogden was acting under the color of state law. To the contrary, plaintiff's pleadings suggest that Dr. Ogden is a private dentist employed at a facility separate and apart from the MPDC. Compare *West v. Atkins*, 487 U.S. 42, 49-52, 108 S.Ct. 2250, 101 L.Ed.2d 40 (private physician acts under color of state law for § 1983 purposes when treating patient in state prison under contract with state).

Absent some allegation to establish Dr. Ogden as a "state actor," plaintiff's complaint against him fails to state a claim and must be dismissed as frivolous.

### *4. Deliberate Indifference*

Assuming for the sake of argument that Dr. Ogden was in fact a "state actor," in order to prevail against him, and the remaining defendants, Nurse Barnhill, and the MPDC nursing staff, plaintiff must establish that these defendants were deliberately indifferent to plaintiff's serious medical needs. In order for an inmate to establish a §1983 claim of deliberate indifference to a serious medical need, he must allege a deprivation of medical care sufficiently serious to show that the state abdicated its constitutionally-required responsibility to attend to his medical needs, and that the named state actors knew of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference must rise to a level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* at 835-47. Negligence, unsuccessful treatment, or even medical malpractice does not give rise to a §1983 cause of action; further, an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999); see also *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991) (finding disagreement as to the correct medical treatment does not constitute an actionable civil rights claim).

Plaintiff himself has specifically characterized the treatment he received from the Nurses at MPDC as "malpractice," [doc. 1, paragraph V], and beyond that, the facts alleged suggest, at worst, negligence and not deliberate indifference on the part of Dr. Ogden and Nurse Barnhill.

Finally, with regard to the nursing staff at MPDC, plaintiff's claims are somewhat

7

contradictory. Plaintiff acknowledged that he was examined on at least six occasions by the nursing staff at MPDC between April 20 and May 16. He claims that he was not given any medication, or otherwise provided any relief for his pain; however, he does not allege what medication or treatment could have been provided. [rec. doc. 6, p. 1] He complained that he was not provided adequate treatment or medication following the extraction, but also claims that he was "put on numerous medication because of this." [rec. doc. 1, p. 5]

*5. Conclusion and Recommendation*

Plaintiff's allegations do not establish the deliberate indifference standard required under law. Further, he is not entitled to appointed counsel. Accordingly,

Plaintiff's request for Appointment of Counsel [rec. doc. 6, p. 3] is **DENIED;** and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

*Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, February 27, 2009.

```
                                    _____
                                    KAREN L. HAYES
                                    U. S. MAGISTRATE JUDGE
```