**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

MONROE DIVISION

| | |
|---|---|
| **DALE JACKSON**<br>  LDOC #104694<br>VS.<br><br>**MOREHOUSE NURSING STAFF,**<br>**ET AL.** | **CIVIL ACTION NO. 08-1324**<br><br>**SECTION P**<br>**JUDGE JAMES**<br><br>**MAGISTRATE JUDGE HAYES** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On February 27, 2009, the undersigned filed a Report recommending dismissal of plaintiff Dale Jackson's *pro se* civil rights suit (42 U.S.C. §1983) in which he complained that he received inadequate medical care while he was incarcerated at the Morehouse Parish Detention Center. In that Report and Recommendation, the undersigned observed that plaintiff's claims against Dr. Ogden, the dentist who extracted his infected tooth, were subject to dismissal "[a]bsent some allegation to establish this physician as a 'state actor...'" [rec. doc. 8, p. 7][1] However, upon further consideration of the pleadings and exhibits, the undersigned concludes that plaintiff's *pro se* claims should be liberally construed [see *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam)] and therefore, to the extent that plaintiff implies that Dr. Ogden was a "state actor" that implied claim will be presumed correct for the

---

[1] More specifically, the undersigned noted, "Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, the plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.

The complaint is devoid of any allegation which indicates that Dr. Ogden was acting under the color of state law. To the contrary, plaintiff's pleadings suggest that Dr. Ogden is a private dentist employed at a facility separate and apart from MPDC. Compare *West v. Atkins*, 487 U.S. 42, 49-52, 108 S.Ct. 2250, 101 L.Ed.2d 40 (private physician acts under color of state law for § 1983 purposes when treating patient in state prison under contract with state). Absent some allegation to establish Dr. Ogden as a 'state actor,' plaintiff's complaint against him fails to state a claim and must be dismissed as frivolous. [rec. doc. 8, pp. 6-7].

purposes of this Supplemental Report and Recommendation. Nevertheless, plaintiff's claims against Dr. Ogden and the other defendants are still subject to dismissal for the following reasons.

In his pleadings , plaintiff alleged the following facts with respect to Dr. Ogden:

1. On either May 6 (as alleged in the original complaint, rec. doc. 1) or May 16, 2008 (as alleged in the amended complaint, rec. doc. 6) plaintiff was transported to Dr. S.W. Ogden, a dentist.

2. Dr. Ogden examined plaintiff, took x-rays, and concluded that extraction of the tooth was appropriate.

3. During the procedure, plaintiff complained that the pain medication was ineffective because he was still feeling pain. (In his original complaint, plaintiff implied that Ogden ignored his complaint; however, in the amended complaint, plaintiff conceded that Ogden injected an additional dose of novocaine.)

4. According to plaintiff, "there was a lot of unnecessary yanking..." which caused "... a lot of bleeding." Further, in his amended complaint plaintiff alleged that Ogden "cut a large piece of gum from plaintiff's mouth and attempted to hide this from plaintiff."

*Law and Analysis*

Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendants knew of and then disregarded an excessive risk to the plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In other words, the plaintiff must show "deliberate indifference" on the part

of the defendants. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Deliberate indifference" in this context means that: (1) the defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) they actually drew that inference; and (3) their response indicated that <u>they subjectively intended that harm occur</u>. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. Such deliberate indifference has been equated with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d 174 (5th Cir.1994).

Thus, even "... the failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a <u>wanton disregard</u> for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

Plaintiff himself has specifically characterized the treatment he received from the Nurses at MPDC as "malpractice," [doc. 1, paragraph V], and beyond that, the facts alleged suggest, at

3

worst, negligence and not deliberate indifference on the part of Dr. Ogden. The pleadings simply do not establish that Dr. Ogden, or any of the other defendants, was deliberately indifferent to his plight.

Therefore, and for that reason,

**IT IS AGAIN RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, April 7, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

4